A. B. PHILLIPS v. STATE.

No. A-6175. Opinion Filed Jan. 29, 1927.
(252 Pac. 454.)

John Remy and W. L. Johnson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was informed against in the county court of Lincoln county, Okla., on a charge of having committed the crime of having possession of mash, the charging part of the information being as follows:

"That A. B. Phillips, late of the county aforesaid, on the 16th day of August, in the year of our Lord, 1925, in the county of Lincoln, and state of Oklahoma, aforesaid, then and there being, did then and there willfully, unlawfully and knowingly have the possession of certain spirituous liquor, vinous liquor, malt liquor, fermented liquor and intoxicating liquor, to wit: 20 gallons of mash, containing more than one-half of 1 per cent. alcohol and capable of being used as a beverage, with the intent then and there on the part of him, the said A. B. Phillips, of selling, bartering, giving away, and otherwise furnishing the same."

The defendant demurred to the information on the ground that:

"The same does not state facts sufficient to constitute a public offense against the laws of the state of Oklahoma."

Which demurrer was by the court considered and overruled; and the defendant reserved an exception to the ruling of the court; a jury was impaneled, and, after hearing the evidence and instructions of the court, returned a verdict of guilty, fixing the punishment of the defendant at a fine of $100 and imprisonment of 30 days in the county jail.   Motion for a new trial was filed and overruled, and exceptions duly saved, and the cause was by the defendant appealed to this court.

The first error assigned by the defendant is that:

"The court erred in overruling the defendant's demurrer to the information."

From the language of the information we cannot tell

whether the pleader intended to charge the defendant under section 7002 of the Compiled Statutes of Oklahoma of 1921, or under section 1, p. 43, of the Session Laws of 1923, 1924.

That part of section 7002 of the C. O. S. 1921, which we deem necessary to quote here, is as follows:

"It shall be unlawful for any person, individual or corporate, to manufacture, sell, barter, give away, or otherwise furnish except as in this chapter provided, any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor; or to manufacture, sell, barter, give away, or otherwise furnish any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contains as much as one-half of one per cent. of alcohol, measured by volume."

Under the provision of the statute quoted, the information fails to charge in the language of the statute or its equivalent, by omitting the words "measured by volume."

If the pleader intended to charge under section 1, p. 43, Session Laws 1923, 1924, which is as follows:

"It shall be unlawful for any person, or persons within this state, to manufacture, ferment or possess, any compound, mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

—the information fails to charge the offense by omitting the words in the statute above quoted, "fit for distillation." In either event, the information fails to state a cause of action in the language of the statute or its equivalent.

The demurrer of the defendant to the information was well taken and should have been sustained.

Various assignments of error are argued and authori-

ties cited, none of which we think necessary to consider in view of the conclusion reached as to the information.

For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.